THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN L. RYDER, Respondent, *v.* THE CLERK OF THE BOARD OF SUPERVISORS OF KINGS COUNTY, Appellant.

*Supervisors — term of office of — chapter 569 of the Laws of 1890.*

Chapter 119 of the Laws of 1864, applicable to the election of town officers in Kings county, provided that the term of office of supervisors should be two years. Chapter 569 of the Laws of 1890 repealed all general and special acts inconsistent therewith, and provided that the term of office of supervisors should terminate on "the first day of January each year."

*Held,* that the term of office of the supervisors elected in the county of Kings was limited to one year, although the act, chapter 119 of the Laws of 1864, which fixed the term of office of such supervisors at two years, was not specifically repealed by chapter 569 of the Laws of 1890 and the acts amendatory thereof.

The words "each year" cannot be construed to mean each year in which a two-year term shall terminate.

Appeal by The Clerk of the Board of Supervisors of Kings County and Richard L. Baisley, from an order of the Supreme Court, made at the Kings County Special Term on the 8th day of January, 1894, directing that a writ of peremptory mandamus issue on behalf of the relator, John L. Ryder, directed to the clerk of the board of supervisors of Kings county, commanding that the clerk erase from the roll of members of the board of supervisors of Kings county the name of Richard L. Baisley and enroll the name of John L. Ryder as supervisor of the town of Flatlands, Kings county.

*Jas. C. Church*, for the appellants.

*Geo. F. Elliott*, for the respondent.

Brown, P. J. :

This appeal presents the question whether, under the General Town Law (Chap. 569, Laws 1890), the term of office of supervisors in the towns of Kings county was one or two years.

Inasmuch as the Legislature, by chapter 387, Laws of 1893, expressly provided that such supervisors should hold office for the term of two years, the question is not now of any general importance.

Richard L. Baisley was elected at the general election held in November, 1892. If the term of office at that time was one year the relator was properly elected in November, 1893, and the order appealed from must be affirmed.

Under chapter 119, Laws of 1864, the term of office was fixed at two years, commencing January first next after the election, and the election was had at the annual town meetings.

Chapter 564, Laws of 1881, changed the date of the election from the annual town meetings to the general election held in November, and provided that the term of office should commence and determine on the first day of January.

Neither in the title or body of this act is any mention made of the duration of the term, and it continued to be two years.

The General Town Law of 1890 re-enacted substantially the provision of the act of 1881 as to the time of the election, and provided that " the terms of office of the persons so elected shall commence and terminate on the first day of January each year," and it repealed all general and special acts inconsistent therewith. Sub-

stantially the same provision was enacted in the amended law of 1892.

No effect can be given to the words " each year " in the sentence quoted, other than an intention to reduce the terms of office to a single year. The section of the law in which they appear is entitled " election of and term of town officers." The words " each year " has reference to the duration of the term. They cannot be made to refer to " each year " in which a two years' term would begin and end, as the purpose to begin and end such term on the first day of January was accomplished by the law of 1881, and the words, under such a construction, would be mere surplusage, and would add nothing to that act. They were added to the law then existing to accomplish some purpose with reference to the duration of the time. And I can conceive of none, except the intention to make the term of office begin each year and end each year.

The fact that the law of 1864 does not appear in the schedule of laws repealed by the Town Laws of 1890 and 1892, in connection with the legislative direction to the commissioners to specifically provide for the repeal of all laws which should be superseded by their revision, is quite strong evidence that it was not intended by the Revision Commissioners or the Legislature that the law of 1864 should be repealed. Section 229 of the Town Law tends to support that view. But these things are not conclusive. The act of 1864 may have been omitted from the schedule of repealed laws through inadvertence. We must look for the intention of the Legislature in the language of the later act. While repeal by implication is not favored by the courts, if the language of a statute is so inconsistent with a prior law upon the same subject that both cannot stand, the former is deemed repealed and the latter law must prevail. The language quoted from the law of 1890, with reference to the term of the office of supervisor, cannot be made consistent with a two years' term, and the law of 1864 must, therefore, be held to be repealed.

The order appealed from should be affirmed, with costs.

All concurred.

Order affirmed, with costs.